# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | Case No.: 2:09-cr-00011-RLH-GWF |
|---|---|---|
| Plaintiffs, | ) | **O R D E R** |
| vs. | ) | (Motion Requesting Extension--#123) |
| GREGORY WILSON, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Gregory Wilson's Motion Requesting Extension of Time to Reply to the Government's Opposition in Response to Defendant's § 2255 Motion (#123, filed Feb. 21, 2014). Defendant requests a thirty-day extension given "the government's lengthy Response and the complexity of the issues raised." The Court grants Defendants Motion. Defendant shall have thirty days from the date of this Order to file a Reply.

The Court also is compelled to address the matter of Defendant's purported "next friend" representation. Attached to Defendant's § 2255 Motion was a Memorandum in Support of the Motion. Although this Motion was signed and filed by Defendant, the substance of the Motion reveals it was prepared by Kenneth Stiger, a fellow inmate and "jailhouse lawyer," purportedly bringing the memorandum on Defendant's behalf. Mr. Stinger has since filed a Supplemental

1

AO 72
(Rev. 8/82)

Motion with the Court (#120, filed Nov. 15, 2013), and prepared the instant Motion,[1] both purportedly on Defendant's behalf. However, Mr. Stiger has not been granted "next friend" standing and is not authorized to represent Defendant in any way.

In the context of habeas cases, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001) (citing *Whitmore*, 495 U.S. at 163-65). Where an individual seeks "next friend" standing, he bears the burden of clearly establishing the propriety of that status. *Whitmore*, 495 U.S. at 163. A real-party-in-interest's knowing, intelligent, and voluntary waiver of his right to proceed is insufficient to confer "next friend" standing. *Id.* at 165.

Mr. Stiger avers that his "next friend" status is based upon Defendant's alleged blindness and mental incapacity, as evidenced by his depression and anxiety. However, this is insufficient to show that Defendant has a mental impairment "that substantially affects his capacity to make an intelligent decision." *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004). To the contrary, Defendant's participation in bringing the § 2255 Motion and the instant Motion shows that he is capable of pursuing his own legal remedies. Moreover, Mr. Stiger has presented nothing showing that he has some relationship with Defendant such that he is truly dedicated to Defendant's best interests. Consequently, Mr. Stiger does not stand in the capacity as Defendant's "next friend," does not represent Defendant, and is not authorized to prosecute any matter on behalf of Defendant.

---

[1] Similar to Defendant's § 2255 Motion, however, Defendant, not Stiger, signed and filed the instant Motion.

Nonetheless, because Defendant has signed and filed the § 2255 Motion and the instant Motion, the Court considers Defendant to have ratified the actions of Stiger and will consider those actions part of Defendant's *pro se* representation. The Court also cautions Defendant that although he may seek assistance from a "jailhouse lawyer," he himself is responsible for his representation, and bears the risk of any mistake, inaptitude, or negligence of an assistant. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000). If Defendant wishes to disavow any actions taken by Stiger he may do so by motion. However, if no motion is made, the Court will address the merits of the pending § 2255 Motion once the Reply is filed.

IT IS THEREFORE ORDERED that Defendant Gregory Wilson's Motion Requesting Extension of Time to Reply to the Government's Opposition in Response to Defendant's § 2255 Motion is GRANTED. Defendant shall have thirty days from the date of this Order to file a Reply.

Dated: February 13, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**