# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:09-cr-00011-RLH-GWF |
| Plaintiffs, | ) | **O R D E R** |
| vs. | ) | |
| GREGORY WILSON, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Gregory Wilson's Motion for Expert Witness and Evidentiary Hearing (#113, filed Sep. 30, 2013) and Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#115, filed Sep. 30, 2013). The Court has also considered the Government's Response to Wilson's § 2255 motion (#122, filed Jan. 21, 2014) and Wilson's Reply (#125, filed Mar. 10, 2013). For the reasons discussed below, the motions are denied.

Defendant's § 2255 Motion is untimely. A § 2255 motion is subject to a one-year statute of limitations from the date that the judgment becomes final. 28 U.S.C. § 2255(f)(1). A judgment becomes final when the time for seeking review of a court's decision expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003). The Ninth Circuit affirmed this Court's decision on

1

AO 72
(Rev. 8/82)

March 17, 2011.  Defendant had ninety days from the circuit court's decision to pursue his appeal with the Supreme Court. Sup. Ct. R. 13. Defendant did not seek certiorari, and the judgment became final on June 15, 2011.  Defendant did not bring this § 2255 motion until September 30, 2013. Thus, the Motion is untimely.

Nonetheless, there are "circumstances consistent with petitioner's petition and declaration under which he would be entitled to . . . equitable tolling," *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  A court may toll the one-year limitation period where "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist*." United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). "Still, 'the threshold necessary to trigger equitable tolling . . . is very high.'" *Id.* (quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

Defendant asserts that he was unable to file a timely § 2255 motion because the medications he was taking for depression, anxiety, glaucoma, and high blood pressure placed him in a "zombie"-like state.   Mental impairment can be considered an extraordinary circumstance when "(a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010). In evaluating whether a petitioner meets one of these categories, a district court must: "(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." *Id.* at 1100-01.

However, Defendant's accompanying records establish only Defendant's treatment for fairly common mental and physical health problems.  Defendant attaches the information

sheets on each of the drugs he was prescribed, as well as some medical request forms in which he complains about blurred vision and irritated eyes. Nothing in these records suggest that Defendant was so mentally impaired that he was unable to pursue a timely habeas petition. Contrarily, Defendant's cogent requests for medical assistance demonstrate that Defendant was mentally capable of looking after his personal needs. Additionally, during the petition period, Defendant filed letters and motions with the Court (#107, filed Nov. 28, 2011; #111, filed Jan. 25, 2012) demonstrating that he was mentally capable of pursuing legal remedies. Moreover, Defendant has provided no explanation of how he was mentally incapable during the petition period, but is mentally capable of prosecuting a § 2255 motion now when there has been no change to his medications.

For these reasons, the Court finds that Defendant has failed to establish that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing. Consequently, the Court denies Defendant's request for an expert witness and evidentiary hearing. Further, without a showing of extraordinary circumstances, there is no reason to toll the one-year limitation on Defendant's § 2255 motion, and the Court denies the motion as untimely.

IT IS THEREFORE ORDERED that Defendant Gregory Wilson's Motion for Expert Witness and Evidentiary Hearing (#114) is DENIED.

IT IS FURTHER ORDERED that Defendant Gregory Wilson's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#115) is DENIED.

Dated: March 31, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**