# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-cr-00011-RLH-GWF-1 |
| Respondent/Plaintiff, | **ORDER** |
| vs. | (Motion to Vacate – #135) |
| GREGORY WILSON, | |
| Petitioner/Defendant. | |

Before the Court is Petitioner/Defendant Gregory Wilson's **Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255** (#135) ("Motion") filed on June 7, 2016.

Wilson filed a previous Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#115, filed Sep. 30, 2013), which the Court denied as untimely (#126). Wilson argues that his present Motion is not a "second or successive" motion under 28 U.S.C. § 2255 because it was not decided on the merits. Alternatively, Wilson requests that if the Court finds his present Motion to be "second or successive," the Court stay the proceeding pursuant to the District of Nevada's First Amended General Order 2015-03 so he may seek authorization from the Court of Appeals for the Ninth Circuit ("Circuit Court") to file a second or successive motion.

When an initial motion pursuant to 28 U.S.C. § 2255 has been adjudicated on the merits, a "second or successive" motion under the statute must be certified by the court of appeals

before it may be filed. 28 U.S.C. § 2255(h); *see also* 9th Cir. R. 22-3(a). The Court is of the opinion that when a § 2255 motion is denied as untimely, it constitutes an adjudication on the merits for "second or successive" purposes under the statute. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)"); *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes").

Wilson has not sought and obtained permission from the Circuit Court prior to filing this Motion. This Court therefore may not consider the merits of Wilson's Motion. However, the Court will grant Wilson's request to stay the proceedings so he may seek authorization from the Circuit Court to file a second or successive 28 U.S.C. § 2255 motion. *See* First Am. General Order 2015-03 (D. Nev. April 27, 2015); 9th Cir. R. 22-3(a).

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Petitioner/Defendant Gregory Wilson's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (#135) is stayed to permit him to seek authorization to file a second or successive 28 U.S.C. § 2255 motion from the Circuit Court.

IT IS FURTHER ORDERED that the Motion preserves the filing date of June 7, 2016 for statute of limitations purposes under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Dated: July 11, 2016

_____
**ROGER L. HUNT**
**UNITED STATES DISTRICT JUDGE**

AO 72
(Rev. 8/82)