# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.

GREGORY WILSON,

    Petitioner/Defendant.

Case No. 2:09-cr-00011-KJD-GWF
2:16-cv-01258-KJD

**ORDER**

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (#135). Respondent filed a response (#143) to which Petitioner replied (#144). Also before the Court is Petitioner's Motion for Leave to File Supplemental Authority (#145). Respondent filed a response (#146).

**I. Background**

On December 17, 2009, a jury found Gregory Wilson ("Petitioner") guilty of one count of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). On April 30, 2010, the Court sentenced Petitioner to 240 months' imprisonment. Petitioner was categorized as an armed career criminal potentially based on one of his two different prior convictions: California robbery and false imprisonment. This categorization led to an Armed Career Criminal Act ("ACCA") enhancement, resulting in a total offense level of 33. Without the ACCA enhancement, Petitioner's total offense level would have been 26.

On May 14, 2010, Petitioner filed a notice of appeal. On March 22, 2011, the Ninth Circuit Court of Appeals affirmed the decision of the District Court. On September 30, 2013, Petitioner filed a 2255 Motion alleging prosecutorial misconduct, ineffective assistance of counsel, and due process violations. On March 1, 2014, the Court denied Petitioner's § 2255 Motion as untimely.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, finding the residual clause of the ACCA violates the Constitution's guarantee of due process. See Johnson v. U.S., 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court held Johnson announced a new substantive rule that has retroactive effect on cases on collateral review. See Welch v. U.S., 136 S. Ct. 1257, 1268 (2016). On June 7, 2016, Petitioner filed the present motion based on the new, retroactively applicable Constitutional rule announced in Johnson.

## II. Legal Standards

### A. Procedural Default

As a threshold issue, the Government incorrectly characterizes Defendant's claim as a successive 2255 motion that is barred by procedural default. Under 28 U.S.C. § 2244(b)(4), "a district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Those requirements are that the claim be based on either: (1) newly discovered evidence; or (2) a new rule of constitutional law that was previously unavailable, made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. §§ 224b(2), 2255(h)(2); U.S. v. Villa-Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000).

Petitioner files the present motion based on the new, retroactively applicable constitutional rule announced in Johnson: that the residual clause of the ACCA is unconstitutional. Johnson is Petitioner's only vehicle: he does not allege new evidence, nor the existence of an error that would render his sentence unlawful. As Petitioner correctly states, but for Johnson, he would have no claim

for relief. His claim fits squarely within the requirements of 28 U.S.C. § 2244(b)(4) and is not procedurally barred.

### B. ACCA Enhancement Approach

The Court traditionally employs the categorical approach to determine whether an ACCA sentencing enhancement is appropriate. The Supreme Court's determination in Johnson v. United States narrowed the reach of the ACCA, but the categorical approach remains the correct analytical vehicle.

#### 1. Johnson v. United States

Johnson v. United States declared the residual clause of the ACCA unconstitutionally vague. Johnson, 135 S. Ct. at 2563. As such, any sentence imposed under the ACCA's residual clause "violates the Constitution's guarantee of due process." Id. In Welch v. United States, the Supreme Court held that Johnson announced a "new substantive rule that has retroactive effect in cases on collateral review." Welch, 136 S. Ct. at 1267. Johnson was substantive because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." Id. at 1265. Thus, in light of Johnson, in order for a defendant to remain subject to a previously imposed ACCA sentencing enhancement, his or her underlying crime must fall exclusively within the bounds of either ACCA section (i), the "enumerated offense clause," or ACCA section (ii), the "physical force clause."

#### 2. ACCA Statute

Post Johnson, the ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has an element of the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B).

Section (i) is commonly referred to as the physical force clause. The "physical force" required for a felony to fall within this section must be "violent force" or "force capable of causing

physical pain or injury to another person." Johnson v. U.S., 559 U.S. 133, 140 (2010). The force must be intentional and not merely reckless or negligent. U.S. v. Lawrence, 627 F.3d 1281, 1284 (9th Cir. 2010). Section (ii) is known as the enumerated offense clause. This clause lists predicate offenses—burglary, arson, extortion, or involving the use of explosives— that refer to the generic definitions of those crimes.

### 3. Categorical Approach

When applying the ACCA enhancement provision, the Court presumptively uses the categorical approach, "looking only to the fact of conviction and the statutory definition of the predicate offense, rather than to particular underlying facts" to determine whether an enhancement is appropriate. Taylor v. U.S., 495 U.S. 575, 576 (1990). Under the categorical approach, "if all the elements of a state criminal statute match or comprise less conduct than the elements of the federal generic offense, the sentencing enhancement can apply because, as a logical matter, the defendant's earlier conduct must have fit within the element requirements of the generic offense." U.S. v. Chavez-Cuevas, 862 F.3d 729, 736 (9th Cir. 2017) (citing Taylor, 495 U.S. at 599-602). Boiled down, the Court lines up the elements of the convicted crime with the list of generic crimes of violence, and if the convicted crime elements line up with and do not encompass more behavior than the listed generic offenses, the sentencing enhancement will apply.

The Court looks only at the elements of the crime for which the defendant is being sentenced, and never the facts of the defendant's particular case. "How a given defendant actually perpetrated the crime — what we have referred to as the 'underlying brute facts or means' of commission, — makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence." Mathis, 136 S. Ct. at 2251. The key is elements . . . not facts." Descamps v. U.S., 133 S. Ct. 2276, 2283 (2013). Further, "the label a state assigns to a crime — whether 'burglary,' 'breaking and entering,' or something else entirely —

has no relevance to whether that offense is an ACCA predicate." Mathis, 136 S. Ct. at 2251 (citing Taylor, 495 U.S. at 600).

### 4. Divisibility

A statute of conviction is overbroad if it criminalizes conduct that is not included in 18 U.S.C. 924(e)(2)(B)'s definition of a crime of violence. If the court determines a statute is overbroad, it must then decide if the statute is divisible: whether it can be divided into violations that constitute violent crimes, and violations that do not. Descamps, 133 S. Ct. at 2283-84.

If a crime were to be divisible, the Court would employ the "modified categorical approach," because the statute alone does not disclose whether a crime of violence within the meaning of § 924(e)(2)(B) has been committed. Deschamps, 133 S. Ct. at 2284. The modified categorical approach, as a tool for implementing the categorical approach, allows the sentencing courts "to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id.

However, there is no categorical approach exception when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one or more elements if all of the ways the elements may be satisfied fall within the definition of a crime of violence. Mathis, 136 S. Ct. at 2248. There is nothing for the Court to "divide" if no matter how the offense is sliced, it will be a crime of violence. Such is the case here. See United States v. Dixon, 805 F.3d 113, 1198 (9th Cir. 2015) ("We have little trouble finding that CPC § 211 is not divisible.").

### III. Analysis

While the guiding legal standards may be convoluted, the question this Court must answer is surprisingly straightforward: When sentencing Petitioner, did the sentencing Court rely on the ACCA's now unconstitutional residual clause in finding Petitioner to be a career criminal? The equally straightforward answer is: no.

Whether Petitioner's prior conviction is categorically a "crime of violence" is far less cut and dry than the Government makes it out to be. However, while the analysis is a long road, it is straight and narrow. Under Chavez-Cuevas, Petitioner's California robbery conviction is a "crime of violence" because every way that it can be committed falls within a generic definition of a violent crime, and not under the residual clause. As such, his sentencing was not a violation of due process, and it must stand.

A. Threshold Issue: Petitioner's Motion to Supplement

In his Motion for Leave to File Supplemental Authority, Petitioner points to the recent Ninth Circuit decision United States v. Geozos for the assertion that "when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in Johnson." United States v. Geozos, No. 17-35018, 201 WL 3712155, at *4 (9th Cir. Aug. 29, 2017). If it were unclear what the Court relied on, Geozos would be relevant. However, in light of the Ninth Circuit decision U.S. v. Chavez-Cuevas, it is clear that the sentencing Court did not rely on the residual clause. Put another way, if the residual clause had been deemed unconstitutional prior to Petitioner's sentencing, he would still have received the same sentencing enhancement. It is not possible to conclude that the sentencing Court relied on the residual clause because every way the crime in question, California robbery, could be committed falls squarely within a generic violent felony offense.

B. Chavez-Cuevas v. United States

California Penal Code § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. This provides two alternative means to satisfy a single element: that the defendant performed the act either by (1) force or (2) fear. As Chavez-

6

Cuevas maps out, regardless of whether the robbery was achieved through force or fear, for the purposes of the ACCA, California robbery is a crime of violence.

Whether California robbery categorically constitutes a crime of violence requires this Court to compare California robbery to two generic crimes: robbery and extortion. The generic definition of robbery adopted by the Ninth Circuit is "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." U.S. v Becerril-Lopez, 541 F.3d 881, 891 (9th Cir. 2008). This encompasses the "force" aspect of California robbery.

Generic extortion is defined as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Schneidler v. Nat'l Org. For Women, Inc., 537 U.S. 393, 409 (2003). Unlike generic robbery, generic extortion encompasses threats to harm property and other types of unlawful injury. Becerril-Lopez, 541 F.3d at 892. Thus, "if a conviction under Cal. Penal Code § 211 involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." Id. The elements of California robbery will "always constitute either generic robbery or extortion, both of which are defined as crimes of violence in U.S.S.G. § 2L1.2(b)(1)(A)(iii)." Chavez-Cuevas, 862 F.3d at 740 (referencing Becerril-Lopez as having properly analyzed this exact question by means of the categorical approach).

### C. Distinguishing Chavez-Cuevas from Mathis and Descamps

It is important to briefly distinguish the instant facts from Mathis v. United States and Descamps v. United States, and to clarify what makes them different from the controlling case law of Chavez-Cuevas. Mathis and Descamps both analyzed a state burglary conviction, and whether its elements were broader than generic burglary. However, those "Supreme Court decisions did not consider whether potential conduct proscribed by a state burglary statute but not by the generic

burglary offense could categorically satisfy the elements of a different enumerated generic crime of violence." Chavez-Cuevas, 862 F.2d at 739.

In those cases, the greater scope of conduct that the California burglary statute criminalized beyond generic burglary "would not result in criminal liability under another enumerated generic offense, defined as a crime of violence, in the ACCA." Chavez-Cuevas, 862 F.2d at 739. Here, conduct criminalized under the California robbery statute that falls outside the definition of generic robbery still results in criminal liability under the enumerated generic offense of extortion. Thus, California robbery is distinguishable from California burglary.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to 28 U.S.C. § 2255 (#135) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's Motion to Supplement (#145) is **DENIED as moot**.

Dated this 25th day of October, 2017.

_____
Kent J. Dawson
United States District Judge