**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent/Plaintiff,<br><br>　v.<br><br>GREGORY WILSON,<br><br>　　　　Petitioner/Defendant. | Case No. 2:09-cr-00011-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Petitioner's Motion to Reconsider Order Denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#148). The Government filed a response (#152) to which Petitioner replied (#153).

I. Background

On December 17, 2009, a jury found Gregory Wilson ("Petitioner") guilty of one count of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). On April 30, 2010, the Court sentenced Petitioner to 240 months' imprisonment. Petitioner was categorized as an armed career criminal based on his prior convictions under California Penal Code § 211 ("California robbery"). This categorization led to an Armed Career Criminal Act ("ACCA") enhancement, resulting in a total offense level of 33. Without the ACCA enhancement, Petitioner's total offense level would have been 26.

On May 14, 2010, Petitioner filed a notice of appeal. On March 22, 2011, the Ninth Circuit Court of Appeals affirmed the decision of the District Court. On September 30, 2013, Petitioner filed a 2255 Motion alleging prosecutorial misconduct, ineffective assistance of counsel, and due process violations. On March 1, 2014, the Court denied Petitioner's 2255 Motion as untimely.

On June 26, 2015, the United States Supreme Court decided <u>Johnson v. United States</u>, finding the residual clause of the ACCA violates the Constitution's guarantee of due process. <u>See</u> <u>Johnson v. U.S.</u>, 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court held <u>Johnson</u> announced a new, substantive rule that has retroactive effect on cases on collateral review. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257, 1268 (2016). On June 7, 2016, Petitioner filed the present motion based on the new, retroactively applicable Constitutional rule announced in <u>Johnson</u>.

On August 29, 2017, the Ninth Circuit decided <u>United States v. Geozos</u>, which provides a framework for how to address ACCA enhancements imposed before <u>Johnson</u> and <u>Welch</u> were decided. <u>See</u> <u>U.S. v. Geozos</u>, 870 F.3d 890 (9th Cir. 2017). <u>Geozos</u> puts forth three paths of analysis depending on the combined clarity of the sentencing court record and then-binding case law: (1) if it is clear from the record and then-binding case law that the ACCA enhancement was based on the residual clause, the enhancement is unconstitutional and the Petitioner must be resentenced; (2) if it is clear from the record and then-binding case law that the ACCA enhancement was based on either the enumerated offense clause or the physical force clause, the sentencing has a basis in law and it must stand; or (3) if it is unclear which prong of the ACCA the enhancement was based on, the court looks to current case law to decide whether the

//

underlying felony qualifies as a violent felony under the ACCA today. See Geozos 870 F.3d at 895.

Here, the Government argues Petitioner's case fits option two: that case law at the time of Petitioner's sentencing shows the ACCA enhancement is clearly based on the physical force clause. It argues the Ninth Circuit decision United States v. David H., decided in 1994, held California robbery "includes the element of threatened use of physical force against the person of another," and that as a result, the sentencing court's decision had a basis in law, and must be upheld.

However, Petitioner argues his case falls within option three: that the sentencing court record is silent as to which clause was relied upon for Petitioner's ACCA enhancement, and that at the time of sentencing, it was unclear under the case law whether California robbery would have qualified under the physical force clause or the now unconstitutional residual clause. As such, Petitioner argues this Court should look to the present day Ninth Circuit decision United States v. Dixon, which holds that in light of Johnson's invalidation of the residual clause, California robbery is not a violent felony under the ACCA. See U.S. v. Dixon, 805 F.3d 1193 (9th Cir. 2015).

II. Legal Standard

In relevant part, Federal Rule of Civil Procedure 60(b) states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, [] excusable neglect . . . or any other reason that justifies relief." This Court reconsiders Petitioner's 2255 Motion due to the Court's prior, inapplicable analysis of Petitioner's enhancement under the sentencing guidelines "crime of violence" definition. The appropriate analysis is under the ACCA's distinct definition of "violent felony." While the

3

parties disagree on what is to be the correct outcome, both parties, along with the Court, consent to and agree that in light of this distinction, reconsideration is necessary and appropriate.

III. Analysis

Geozos dictates a two-prong analysis for addressing challenges to sentences imposed pre-Johnson. First, the Court must analyze whether Petitioner's claim "relies on" Johnson by determining via then-binding case law and the sentencing record which prong of the ACCA the court relied upon when sentencing Petitioner. Second, if the Court finds Petitioner's claim does rely on Johnson, meaning the enhancement was based on the unconstitutional residual clause, or it is unclear which prong the sentencing court relied on, the Court must determine whether that Johnson error at Petitioner's sentencing was "harmless."

*A. Whether Petitioner's Claim "Relies On" Johnson*

Petitioner alleges the sentencing court relied on the residual clause when finding he possessed the requisite violent felony convictions to qualify for an ACCA enhancement, and that as such, his claim relies on Johnson. The Court turns to the sentencing court record and then-binding case law to make this determination.

The sentencing court record is silent as to what portion of the ACCA it relied on when making this determination. The court simply stated, "[T]he [Petitioner] has a lengthy criminal history that includes violent felonies, he's subject to the Armed Career Criminal provisions which puts him at a 15-year minimum." Sentencing Transcript (#96, at 12). "[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, *but it may have*, the defendant's § 2255 claim 'relies on' the constitutional rule announced in Johnson." Geozos, 870 F.3d at 896 (emphasis added).

Alternatively, the Government argues that at the time of Petitioner's sentencing, Ninth

Circuit case law held California robbery satisfied the ACCA elements clause. In support of its argument, the Government offers up only one case, United States v. David H., 29 F.3d 489 (9th Cir. 1994), to attempt to show California robbery qualified as a violent felony under the ACCA. However, David H. analyzed "crimes of violence" under the discretionary transfer provision in 18 U.S.C. § 5032, a statute that permits juveniles with certain qualifying offenses to be charged as adults. See David H., 29 F.3d at 493. There, the court concluded California robbery was a "crime of violence" under the § 5032 discretionary transfer provision. Id. at 494.

Beyond the statutory distinction, a careful reading of David H. shows it is unclear whether the court was relying on § 5032's physical force clause or it's residual clause when it determined that the Defendant had the requisite offenses that would be qualifying "crimes of violence" had they been committed by an adult. Id. at 494. The court states, "[A] violation of California Penal Code § 211 includes the element of 'threatened use of physical force against the person of another.' It is also a crime 'that, by its very nature, involves a substantial risk that physical force against the person of another may be used.'"[1] Id.

The Government then puts forth United States v. Pruett, 2017 WL 5897307 (9th Cir. Nov. 30, 2017), as proposed affirmation that David H. was relevant, binding precedent at the time of Petitioner's sentencing. Pruett holds that California robbery qualified as a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2. Id. at *1. While the elements clauses of the sentencing guidelines U.S.S.G. § 4B1.2 and the ACCA are nearly identical, the distinction between whether a crime qualifies under the Guidelines as a "crime of violence" and whether a crime qualifies under the ACCA as a "violent felony" is material. The two terms are not interchangeable, and precedent applicable to one does not seamlessly apply to the other.

---

[1] A further distinction of note is that § 5032's residual clause is different than the ACCA's residual clause.

1    Ultimately, David H. and Pruett did not control the court's sentencing of petitioner.

Given this murky legal background that existed at the time of sentencing, combined with the sentencing court's sparse sentencing record, it is unclear which prong of the ACCA the sentencing court relied on when it sentenced Petitioner. And, "when it is unclear from the record whether the sentencing court relied on the residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory." Geozos, 870 F.3d at 895. Thus, interpreting this ambiguity in favor of the Petitioner, the Court finds Petitioner's claim relies on Johnson. See Taylor v. United States, 495 U.S. 575, 602 (1990).

*B. Using Current Law to Assess Whether Johnson Error Was Harmless*

Because Petitioner's claim relies on Johnson, the Court must now apply case law as it currently stands to determine whether the Johnson error was harmless. A Johnson error is not harmless if it prejudices the Petitioner by altering the outcome of his sentencing. See Geozos, 870 F.3d at 897. In Petitioner's case, the outcome of the sentencing would be altered if under current case law, California robbery is not an ACCA-qualifying violent felony.

United States v. Dixon holds California robbery does not satisfy the ACCA's physical force clause because it can be completed using accidental force. Dixon, 805 F.3d at 1196-97. Dixon also holds California robbery does not satisfy the enumerated offense clause because the ACCA does not list robbery as an enumerated offense, nor does California robbery comport with the federal generic definition of any other enumerated offense listed. Id. The Government agrees that current Ninth Circuit law holds California felony robbery does not qualify as a violent felony. #152, at 4.

This is not a harmless error because in light of Johnson and under current case law, Petitioner's ACCA enhancement is no longer valid: but for his California robbery convictions,

6

Petitioner would not have received the ACCA enhancement. As such, Petitioner is entitled to relief.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Reconsider Order Denying Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (#148) is **GRANTED**;

IT IS FURTHER ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Criminal Convictions and Sentence Pursuant to § 2255 (#135) is **GRANTED**;

IT IS FURTHER ORDERED that a status hearing is set for May 16, 2018 at 10:00 a.m. in Courtroom 4A.

Dated this 2nd day of May, 2018.

Kent J. Dawson
United States District Judge